# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Rickey Russell (#B-44957),         )
                                    )
          Plaintiff,                )      Case No. 16 CV 6192
                                    )
     v.                             )
                                    )      Judge William T. Hart
Thomas Dart, et al.,                )
                                    )
          Defendants.               )

## OPINION AND ORDER

**I.     Introduction**

Plaintiff Rickey Russell, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Cook County Jail, violated Plaintiff's constitutional rights by subjecting him to "infectious, hazardous, and inhumane" conditions of confinement when he was incarcerated in the jail's Division 2 from November 2013 until approximately February 2014. More specifically, Plaintiff alleges that the building was overcrowded, that the drinking water was contaminated, that the facility was dirty, pest-infested, and lacked proper ventilation, that the bathrooms were in disrepair and inadequately equipped to handle the large inmate population, that mold and fungus grew on the walls, and that Plaintiff developed sinus problems on account of his environment. This matter is before the Court for ruling on Defendants' motion for judgment on the pleadings. For the reasons set forth in this order, the motion is granted.

**II.    Standard**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The distinction between a motion to dismiss and a motion for judgment on the pleadings is largely inconsequential for present purposes because both are evaluated under the same standard: the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)); *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). The same standards govern 12(b)(6) and 12(c) motions. *Lodholtz*, 778 F.3d at 639 (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014)); *see also* FED. R. CIV. P. 10(c). A motion for judgment on the pleadings is granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *Northern Indiana Gun and Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

### III. Background

Plaintiff alleges the following facts, assumed true for purposes of Defendants' motion for judgment on the pleadings: Plaintiff was an inmate at the Cook County Jail at all times relevant to this action. Plaintiff was housed in the jail's Division 2, Dorm 4 "from Nov[ember] 2013 until approximately Feb[ruary] 2014." (Complaint, p. 4.)

According to Plaintiff, while incarcerated in Division 2, he endured "infectious, hazardous and inhumane living conditions." The water was unfit for consumption. The facility had poor ventilation and was pest-infested. Over three hundred detainees had to share two working shower stalls. The plumbing frequently backed up. The ceiling leaked. Rust, mold and mildew were pervasive in the washroom and shower. The building seemed to be literally crumbling, with chips of paint falling from the ceiling, and floor tiles broken and missing.

Plaintiff, who is asthmatic, developed a sinus infection while he was a pretrial detainee. Plaintiff believes that his "horrible living conditions" caused the sinus infection. (*Id.*)

Because Plaintiff held many jobs at the jail, he complained about the conditions of his confinement to a number of correctional employees, including Defendant Hall, the Superintendent of Division 2. For about three months, correctional officials refused to transfer Plaintiff to another housing unit.

Correctional officials "denied or disregarded" Plaintiff's grievances. (*Id.*, p. 5.) In April 2015, after Plaintiff had apparently been moved to a more habitable housing division but while he was still incarcerated at the jail, he attempted to file a grievance concerning the conditions in Division 2. (*Id.*) However, the grievance was evidently lost or destroyed. In fact, "lots" of Plaintiff's grievances "mysteriously disappeared." (*Id.*)

Plaintiff initiated this lawsuit in June 2016.

### IV. Discussion

Even accepting Plaintiff's allegations as true, the Court finds that Defendants are entitled to judgment on the pleadings because the complaint is time-barred. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citations omitted); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Bryant v. City of Chicago*, 746 F.3d 239, 242 (7th Cir. 2014) (citing *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992)). Because Plaintiff waited until June 2016 to file suit in connection with a period of confinement that ended in February 2014, his claims are time-barred.

Plaintiff's April 2015 grievance did not toll the statute of limitations. Generally, the limitations period is tolled while an inmate exhausts available administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013); *Johnson v. Rivera*, 272 F.3d 519, 521-22

(7th Cir. 2001). But in the case at bar, that grievance would have been too late under Cook County Department of Corrections rules.

An inmate at the Cook County Jail is required to submit a grievance in a designated lockbox within fifteen days of the matter being grieved. *Stallings v. Cook County*, No. 11 CV 7349, 2013 WL 3669623, at *4 (N.D. Ill. July 12, 2013) (Coleman, J.). The courts in this circuit have taken a "strict compliance" approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "A prisoner must properly use the institution's grievance process. If he fails to do so, correctional administrators can refuse to consider the grievance, and the prisoner's claim can be "indefinitely unexhausted." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")). Because Plaintiff waited, at the very least, a least a month after leaving Division 2 to file a grievance, the time for pursuing the administrative exhaustion process had already expired. Consequently, whether or not Plaintiff attempted to file a grievance in April 2015 is a non-issue; such a grievance would have had no tolling effect.

Nor has Plaintiff offered any acceptable alternative basis for tolling. This case presents none of the usual forms of tolling. For example, "[e]quitable tolling … may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000); *see also Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 214 (Ill. App. Ct. 1996) ("Equitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff 'in some extraordinary way' has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum.") But equitable tolling is "rarely granted." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (finding "nothing that would justify" tolling in habeas case even though petitioner claimed that he was in segregation for 60 days during the limitations period, that he had no access to the law library, that prison officials interfered with his mail, that he was a victim of a fraud targeting Illinois prisoners, and that a legal organization had falsely promised to prepare and file his habeas petition for him); *Alvarez v. Pfister*, No. 15 CV 1625, 2016 WL 946961, at *4 (N.D. Ill. Mar. 14, 2016) (Durkin, J.) (collecting cases, in the habeas context, where alleged impediments were insufficient to warrant tolling).

Here, Plaintiff does not plausibly argue that jail officials impeded his access to the court, that he tried to file suit in the wrong court, or that that "extraordinary" circumstances outside his control prevented him from suing on time. Rather, he provides a number of run-of-the-mill excuses: he had just been convicted and was still facing additional charges; he had little to no access to the jail's law library; he vaguely feared retaliation; he filed suit "as soon as I had proper location, resources and library sessions to get it done." (R. 19, "Plaintiff's Response to Defendants' Motion for Judgment.") But none of those routine explanations justifies equitable tolling. Plaintiff simply waited too long to initiate this lawsuit.

In sum, Defendants have demonstrated that Plaintiff failed to bring suit within two years of the accrual of his claim, and Plaintiff has not established appropriate grounds for tolling. Accordingly, the Court grants Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The case is terminated.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Bentz v. Palmer*, No. 12 CV 1753, 2015 WL 1042932, at *5 (N.D. Ill. Mar. 5, 2015) (Coleman, J.) If the Court of Appeals should find the appeal to be non-meritorious, a strike could be imposed pursuant to 28 U.S.C. § 1915(g). If a prisoner accumulates three strikes because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* Fed R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## V. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings [14] is granted pursuant to Fed. R. Civ. P. 12(c). The Court directs the Clerk to enter final judgment.

Date: 5/10/2017        /s/ William T. Hart
                       United States District Judge